IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FRANK WIGINTON, II                                                    PLAINTIFF

VERSUS                                            NO.  1:19-CV-219-SA-DAS

FRAYSER QUALITY, LLC D/B/A POPEYE'S                      DEFENDANT

JURY TRIAL DEMANDED

<u>COMPLAINT</u>

This is a civil action to recover declaratory and injunctive relief, compensatory damages, and punitive damages for the defendant's violation of Title III of the Americans with Disabilities Act ("ADA"), and for defendant's committing the common law torts of intentional infliction of emotional distress, negligence per se, and negligence.  The following averments support this civil action.

PARTIES

1.  The Plaintiff, Frank Wiginton, II, is an adult resident citizen of Fulton, Mississippi 38843.

2.  The Defendant, Frayser Quality, LLC ("Frayser"), is a Delaware Limited Liability Company, with its principal place of business at 8010 Stage Hills Boulevard, Bartlett, Tennessee 38133.  Frayser may be served with process by service of a complaint and summons upon its registered agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

## JURISDICTION & VENUE

3.  This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1367(a) (Supplemental), and 28 U.S.C. § 1332 (Diversity) since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.  Mr. Wiginton is a citizen of Mississippi and the Defendant Frayser is a citizen of Delaware.

5.  Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## CAUSE OF ACTION

6.  The Defendant Frayser operates a Popeye's Restaurant at 1701South Gloster Street, Tupelo, Mississippi 38804.

7.  On December 3, 2019, Mr. Wiginton stood in line at the Defendant Frayser's Popeyes Restaurant with his father, step-mother and his psychiatric service dog, Jenny.

8.  When Mr. Wiginton got to the register to place his take-out order he was told by the cashier, an agent and employee of the Defendant Frayser, that he needed to take his dog outside of the restaurant or he would not be served.

9.  The demeanor and tone of the cashier towards Mr. Wiginton was extremely

rude and hostile.

10.  Mr Wiginton asked the cashier if she was denying him service because of his service dog.

11.  The cashier responded that she was not denying him service but that he would have to take his dog outside in order to place his order and be served.

12.  Jenny, as always, wore her "Service Dog" vest, at the time of this incident.

13.  Mr. Wiginton felt devastated and humiliated and as if he had done something wrong.

14.  Mr. Wiginton's anxiety skyrocketed and he left the restaurant without ordering his food accompanied by his father, step-mother, and Jenny.

15.  Mr. Wiginton was so upset over being denied service due to his disability and service animal that he went to Tupelo Police Department and made a report of the incident.

16.  Mr. Wiginton was so emotionally devastated by the actions of the cashier that, in the immediate aftermath of the incident, he did not leave his home for several weeks unless it was to go to an appointment.

17.  Mr. Wiginton suffers from a severe service related disability caused by his three tours of duty while serving in the infantry in the United States Army.

18.  As a consequence of his service related disability, Mr. Wiginton is rated a

3

100% Disabled American Veteran.

19.  Mr. Wiginton suffers from severe hearing loss and Post Traumatic Stress Disorder ("PTSD"), as a direct result of his military service.

20.  Due to his disability, Mr. Wiginton was required to medically retire from the Army.

21.  Prior to his honorable discharge, a colleague in his Ranger regiment suggested he might be a good fit for a service dog.

22.  Mr. Wiginton was put in contact with healing4heroes.org where Jenny was trained to assist him with his PTSD and daily living.  Jenny is a fully trained psychiatric service dog.

23.  The cashier's conduct was extreme, outrageous, and intolerable in a civilized society and intentionally or recklessly caused Mr. Wiginton severe emotional distress and mental anguish.

24.  The acts of the cashier, as an agent and employee of the Defendant Frayser, were done within the course and scope of their employment and in furtherance of the Defendant Frayser's corporate interests.

25.  The Defendant Frayser subsequently condoned and ratified the acts of its agent and employee.

26.  The Defendant Frayser failed to reasonably train and supervise its agents and

4

employees with respect to their ethical and legal obligations in attending to patrons

with disabilities generally, and who depend on service animals specifically.

27.  The actions of the Defendant Frayser, through its agents and employees,

were done intentionally, knowingly, recklessly, and in a grossly negligent manner for

which Mr. Wiginton is entitled to receive punitive damages.

## Claim 1 - ADA

28.  The Defendant Frayser while operating a place of public accommodation,

through the acts and omissions of its agents and employees, unlawfully refused service

to Mr. Wiginton a disabled person with a service animal, in violation of the ADA.

## Claim 2 - Intentional Infliction of Emotional Distress

29.  The Defendant Frayser, through the acts of its agents and employees,

knowingly engaged in extreme and outrageous conduct, intolerable in a civilized

society, by rudely and hostilely refusing service to a disabled person which

intentionally or recklessly caused Mr. Wiginton severe emotional distress and mental

anguish.

## Claim 3 - Negligence Per Se

30.  The Defendant Frayser, through the acts of its agents and employees, was

negligent per se, in violating federal and state statutory prohibitions against

discrimination in the provision of services to disabled persons, by refusing service to

5

Mr. Wiginton a disabled person with a service animal while under an affirmative duty to provide said service.

## Claim 4 - Negligence

31. The Defendant Frayser, through the acts of its agents and employees, was negligent by refusing service to Mr. Wiginton a disabled person with a service animal while under an affirmative duty to provide said service.

## Claim 5 - Negligent Training and Supervision

32. The Defendant Frayser is liable to Mr. Wiginton for its failure to reasonably train and supervise its agents and employees regarding their ethical and legal obligations in attending to patrons with disabilities generally, and who depend on service animals specifically while under an affirmative duty to provide such training ad supervision.

WHEREFORE, PREMISES CONSIDERED, Mr. Wiginton prays for declaratory and injunctive relief, compensatory and punitive damages in an amount to be determined by the trier of fact but no less than $75,000.01, a reasonable attorney's fee, expenses, and costs of this civil action, and for such other and more general relief to which he is entitled by law or in equity.

Respectfully submitted, this the 3d day of December, 2019.

/s/ Victor Israel Fleitas

_____
      VICTOR I. FLEITAS
      MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Phone
662.840.1047 / Facsimile
fleitasv@bellsouth.net /E-mail

Attorney for Frank Wiginton, II

7